**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| MARIA ROBLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:16-cv-00016 |
| STATE FARM LLOYDS AND | § | |
| AND RENE RODRIGUEZ | § | |
| | § | |
| Defendants. | § | **JURY REQUESTED** |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

STATE FARM LLOYDS (hereinafter "State Farm"), Defendant, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

### I.      PROCEDURAL BACKGROUND

1.      On November 17, 2015, Maria Robles ("Plaintiff") filed her Original Petition ("the Petition") in Cause No. 15-11-32316-MCV in the 293rd Judicial District Court, Maverick County, Texas, ("the State Court Action") against Defendants State Farm and Rene Rodriguez ("Rodriguez").

2.      On February 22, 2016, Rodriguez was served with process.  Rodriguez filed his Original Answer on the same day.

3.      On January 21, 2016, State Farm was served with process.  State Farm filed its Original Answer on February 11, 2016.

6420200.2

4.      State Farm timely files this Notice of Removal pursuant to 28 U.S.C. § 1446 to remove the State Court Action from the 293rd Judicial District Court, Maverick County, Texas, to the United States District Court for the Western District of Texas, Del Rio Division.

## II.      NATURE OF THE SUIT

5.      This lawsuit involves a dispute over the alleged non-payment or under payment of insurance benefits and the handling of Plaintiff's insurance claims for damages allegedly caused by a storm occurring on or about April 2015.[1]  Plaintiff asserts causes of action for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

## III.      VENUE

6.      Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the State District Court of Maverick County, Texas, and a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

## IV.      BASIS FOR REMOVAL

7.      There is complete diversity among the parties properly joined to this suit and the amount in controversy exceeds $75,000.

8.      Plaintiff was, at the time this action commenced, and is still a citizen of the State of Texas.[2]

9.      Defendant State Farm was, at the time the civil action commenced, and still is, a citizen of the states of Illinois, Florida and Pennsylvania. State Farm is a "Lloyds Plan" organized under Chapter 541 of the Texas Insurance Code. It consists of an association of

---

[1] *See* Pl. Original Pet. § VI ¶ D.
[2] *Id*. at § II.

2

underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens and residents of the states of Illinois, Florida, and Pennsylvania making State Farm a citizen and resident of the states of Illinois, Florida, and Pennsylvania for diversity purposes.[3]

10.     Defendant Rodriguez is a Texas citizen and an adjuster whom State Farm assigned to handle Plaintiff's claim.  Rodriguez acted in his capacity as an agent of State Farm in adjusting Plaintiff's insurance claims.  Plaintiff has not asserted a single allegation of any act performed by Defendant Rodriguez by himself; rather, Plaintiff recites "Rodriguez, on behalf of State Farm" or "Defendants State Farm and Mr. Rodriguez" before any factual allegation regarding Defendant Rodriguez.[4]  Such generic allegations are insufficient to state a potential right to relief against Defendant Rodriguez individually.[5]  Because Defendant Rodriguez was always acting in his capacity as an agent of State Farm, he bears no independent liability, is improperly joined, and his citizenship should be disregarded for purposes of determining complete diversity of citizenship.

11.     Plaintiff also seeks "monetary relief in an aggregate amount over $100,000, but not more than $200,000."[6]  Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## V.     DEFENDANT RENE RODRIGUEZ IS IMPROPERLY JOINED

12.     A defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[7]  "The presence of an

---

[3] *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).
[4] *See* Pl. Original Pet. § VI ¶¶ F, G, H, J, K, L, M, N, and O.
[5] *See Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999).
[6] Pl. Original Pet. § IV.
[7] *See Gonzales v. Homeland Ins. Co. of New York*, 2011 U.S. Dist. LEXIS 84577 at *5, 2011 WL 3104104 at *2 (S.D. Tex. Jul. 25, 2011).

improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[8]

13.     In order to establish improper joinder, "the removing party must show either that there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."[9] In this case, there is no possibility that the plaintiff will be able to establish a cause of action against Rodriguez, the in-state defendant.

14.     Whether a plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.[10]  A petition must state specific "facts warranting liability" in order to defeat removal.[11]  A reasonable basis for liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.[12]

15.     Plaintiff's factual allegations regarding Defendant Rodriguez do not form the basis of an independent cause of action against him as opposed to State Farm.  Rather, Plaintiff has filed suit against Rodriguez for the same reasons that Plaintiff filed suit against State Farm. Plaintiff is dissatisfied that State Farm has "refused to pay Plaintiff in full" on her claim.[13]  As a result, she has asserted no causes of action against Rodriguez which are distinct from those asserted against State Farm.[14]  Plaintiff also seeks no separate or independent damages from Rodriguez for his alleged conduct.[15]  Plaintiff's damage claims all arise out of State Farm's

---

[8] *Id.* quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (internal citations omitted).
[9] *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 161 (S.D. Tex. 1994).
[10] *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 701 (5th Cir. 1999).
[11] *Id.*
[12] *Id* (emphasis added).
[13] *See* Pl. Original Pet. § VI ¶ S.
[14] *See* Pl. Original Pet. § VII.
[15] *See* Pl. Original Pet. §§ IX and X.

alleged failure to pay more on Plaintiff's claim, which is insufficient to establish a claim for damages against Rodriguez.[16]

16. Further, under Texas law, agents are generally not liable for contracts entered into on behalf of the principal or for any actions that are within the scope of their authority.[17] When an agent exceeds his authority under the agency agreement, he becomes personally liable.[18] Absent allegations that Rodriguez was acting in anything other than a representative capacity or that he actually engaged in any deceptive or unfair practices in connection with Plaintiff's claims, thus exceeding his agency authority, Rodriguez cannot be held individually liable.[19]

17. Nowhere in Plaintiff's Petition does she allege that Rodriguez exceeded the scope of his authority.[20] On the contrary, Plaintiff points out that Rodriguez, "on behalf of State Farm inspected Plaintiff's property"[21] and "prepared a repair estimate."[22] Plaintiff later refers to the estimate as "State Farm and Rodriguez's repair estimate."[23] Because there is no reasonable basis for this Court to predict that Plaintiff may be able to recover against Rodriguez, his presence should be disregarded in determining diversity jurisdiction and he should be dismissed.

18. Because Plaintiff is a citizen of Texas, Defendant State Farm is a citizen of the states of Illinois, Florida, and Pennsylvania, and because Defendant Rodriguez has been improperly joined, complete diversity of citizenship exists among the parties.

---

[16] *See DeCluette v. State Farm Lloyds*, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex. Feb 19, 2013); *Dougherty v. State Farm Lloyds*, No. 4:01-CV-0611A, 2001 WL 1041817, at *2 n. 1 (N.D. Tex Aug. 30, 2001).
[17] *See French*, 156 F.R.D. at 162.
[18] *See Schwarz v. Straus-Frank Co.*, 382 S.W.2d 176, 178 (Tex. Civ. App.—San Antonio 1964, writ ref'd n.r.e.).
[19] *See Arzehgar v. Dixon*, 150 F.R.D. 92, 94-95 (S.D. Tex. 1993) (noting that the insurance agents were added as Defendants "only as an afterthought" and that "Plaintiffs' counsel failed to revise the petition in many places to expand the reach of the allegations beyond" the insurance company).
[20] *See* Pl. Original Pet.
[21] Pl. Original Pet. § VI ¶ F.
[22] Pl. Original Pet. § VI ¶ G.
[23] Pl. Original Pet. § VI ¶ K.

## VI.    PROCEDURAL REQUIREMENTS

19.    Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

Exhibit A:        Index of Matters Being Filed;

Exhibit B:        Plaintiffs' Original Petition filed on November 17, 2015;

Exhibit C:        A copy of the Citation and executed process for Defendant State Farm;

Exhibit D:        A copy of State Farm Lloyds' Original Answer filed February 8, 2016;

Exhibit E:        A copy of the Citation and executed process for Defendant Rene Rodriguez (to be supplemented);

Exhibit F:        A copy of Rene Rodriguez's Original Answer filed February 22, 2016;

Exhibit G:        A copy of the state court docket sheet;

Exhibit H:        Defendant Rene Rodriguez's Consent to Removal; and

Exhibit I:        A list of all counsel of record.

20.    Defendant Rene Rodriguez consents in this removal.  *See* Exhibit H.

21.    Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. [24]

22.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after filing the same.

23.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the 293rd Judicial District Court, Maverick County, Texas, promptly after filing of same.

---

[24] *See* Exhibit A.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant STATE FARM LLOYDS respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings.  State Farm also requests any additional requests any additional relief to which it may be justly entitled.

Respectfully submitted,

Dykema Cox Smith
112 East Pecan Street, Suite 1800
San Antonio, Texas  78205
210.554.5500
210.226.8395 (Fax)

By: */s/ Jane Bockus*
    Jane E. Bockus
    State Bar No. 02541700
    jbockus@dykema.com
    Rachel R. Skinner
    State Bar No. 24085588
    rskinner@dykema.com

*Attorneys for Defendant, State Farm Lloyds*

## <u>CERTIFICATE OF SERVICE</u>

I, Rachel R. Skinner, certify that a true and correct copy of the foregoing document was served on counsel of record by certified mail/return receipt requested in accordance with the Federal Rules of Civil Procedure on February 22, 2016:

> Wes Holland
> wholland@anglawfirm.com
> William N. Allan, IV
> wallan@anglawfirm.com
> serveone@ANGlawfirm.com
> Allan, Nava, Glander & Holland, PLLC
> 825 W. Bitters Road, Suite 102
> San Antonio, Texas 78216
> (210) 305-4220 - phone
> (210) 305-4219 - fax
> *Attorneys for Plaintiff, Maria Robles*

*/s/ Rachel Skinner*
Rachel R. Skinner